called the first case 11-3806 roberts and both sides going to step up and introduce yourselves please good morning your honor is anthony di vincenzo on behalf of the plaintiff thank you very much peace i'll have 15 minutes thank you your honor i would like to reserve three minutes if possible for rebuttal yeah if you need it all right that's fine your honor if it may please the court as i indicated i represent the plaintiff robert stein in this appeal here mr stein is seeking the reversal of the dismissal of his third amendment complaint which included claims for breach of contract and wage claims under the wage act as well as a claim for defamation and an award of attorney's fees under the citizens participation act your honor i believe this case involves the worst case scenario envisioned by the supreme court in the sandholm case in which they sought to protect against here we have a case when plaintiff asserts claims for breach of contract and wage claims and a defamation claim all of which are dismissed not because they lack merit or are otherwise invalid but simply because of a purported new immunity created by the citizens participation we are asking that that ruling be reversed because after sandholm it is absolutely clear that decision was improper and that this case should be reinstated and the award of attorney's fees vacated if i may spend a few moments putting this dispute between the plaintiff and the defendants in context the court will get a flavor for why this is not a slap the dispute arose between mr stein and his former employer mr krisloff and mr krisloff's law firm mr stein worked there for a number of years and when he left in late 2001 mr stein claimed he was owed money for vacation pay and bonuses which he had earned during the period of his employment he filed administrative wage hustle it took him quite some time in order to do that didn't it how long was it between the time that he left krisloff k and a and the time that he made that claim that money is more owed to that he filed vacation he filed the lawsuit approximately a little under five years later he had filed administrative law claims under the state statute prior to that yeah that was one thing that i wanted to ask you about because i didn't see in the record there's the results of the administrative law claim and if it wasn't in the record i don't want you to tell right what's in the record is reference that the claims were made exactly i don't believe that there is anything in the record which indicates the result of those claims does it say the date that the claims were made in the record your honor i have to apologize i can't tell you whether it says i the citation to the record is includes that they were made prior to the filing of the well five years later within the statute of limitations period yeah but it was closer to six years uh what happens is after mr stein left krisloff's mr krisloff's law firm uh he became and engaged in the same area of practice of law which was in consumer fraud class action type of work and the dispute between the parties then began to escalate in june of 2005 when mr krisloff sent an unassigned ex parte letter to a federal judge in a case in pennsylvania which mr krisloff had no involvement in or participation in whatsoever he wasn't the party he didn't represent any parties he wasn't the lawyer he sent that letter and that letter accused mr stein of making misrepresentations in papers uh submitted by mr stein and mr stein seeking to appoint a class representative the attorney for the class representative in that case as expected and this applied in the complaint the federal judge receiving an ex parte letter disseminated that letter to all of the attorneys uh in that case and as a result the accusations that mr stein had committed in essence a fraud on the court had been circulated to all of the and then then mr krisloff writes another letter in july of 2005 again accusing mr stein of improper conduct before the court again you didn't include that second letter in your the second letter is set forth in the complaint the july 2005 letter is alleged in the third party complaint uh this lawsuit was then filed almost a year later and i think that's relevant because the statute of limitations was near expiration uh it was done you have to file it within a year and it was done about a month short of the year in that circumstance i don't think that timing becomes uh something which gives rise to any great inferences of retaliatory intent he either filed it at that point or he had to give it up but followed after the filing of the the complaint was attacked on 2615 and 2619 grounds on at least two occasions resulting in amended complaints but what's important is that the first from the first complaint onward the breach of contracts and wage claim were made from the first complaint all the way through to the third amended complaint the lower court apparently misapprehended that fact when it said in its opinion one of its opinions that the wage claims and breach of contract claims had been put in in retaliation for the filing of the citizen uh protection uh participation act motion to dismiss that's just simply not true it was from there from the beginning it wasn't done in retaliation or some way to get around the the cpa motion to dismiss well the lower court this denied ultimately all of the motions to dismiss that addressed the merits of this case on 2615 and 2619 including the arguments as to whether there was an absolute privilege either as an attorney in litigation or for a duty under law to report improper conduct both judge mcnamara and then on motions to reconsider uh judge goldberg decided that the absolute privileges did not exist and that if any privilege existed it might be a qualified privilege which would be subject to being set aside or defeased upon a showing of malice which would defease that affirmative defense then when the mo they filed after the slap act was passed and became effective defendant filed a motion to dismiss under the slap act for the first time several months after the statute came effective judge goldberg ruled that the uh statute did not apply retroactively and denied the motion we then took a visit to the court of appeals in which the uh defendant argued that the court of this court said no don't have jurisdiction and the case went back down in the interim we have the gasman case which says it applies retroactively so then on a motion addressing the retroactivity a motion for reconsideration the court then says it applies retroactively and because the plaintiff has not met its burden under the slap act this case will be dismissed it is clear on that that the lower court imposed the initial burden of proof upon the plaintiff non-movement rather than the movement it is clear that the burden of proof that was imposed was that the plaintiff had to prove by clear and convincing evidence that the act of the defendant being challenged and here it's the defamation act which is the protected under the statute and that the lower court made it very clear in saying it in multiple times that it granted the motion because the plaintiff did not meet that burden of proving by clear and convincing evidence that the cpa did not immunize mr krisloff's conduct that was aired for multiple reasons the first i think and probably most fundamental is after sandhole we now know that the citizen participation act created no such immunity it was not a substantive statute at all it didn't create a new immunity in fact the supreme court said that the statute does not immunize intentional tortious conduct that is the concept that underlies judge goldberg's opinion granting the motion to dismiss but additional errors in this case were it he placed again i have to emphasize without the guidance of sand home because this case was fully briefed and argued in the lower court before sand home came down it was about a month or so after everything was done in the lower court that the supreme court decision became available to counsel and to me and to judge goldberg and so this changed the world as it relates to the citizen citizen participation act it is clear however that judge goldberg as he underserved the statute at the time placed the initial burden of proof on the plaintiff the non movement it is clear after sand home but that's just simply incorrect indeed in doing that he drew all inferences against the non-movement unlike any other type of 2619 motion and again contrary to what the supreme court says in sand home because for example the judge said in looking at the contract and state wage claims he said well they clearly appear to be unrelated but the plaintiff fails to prove by clear and convincing evidence that they are in fact unrelated therefore motion to dismiss all the claims granted but then even when he applied the substantive standards under the statute he also here because he applied the wrong legal standard the supreme court in sand home made clear and has been affirmed by decisions in this court in the ryan case in the jersich case that a defendant must prove that the action is solely related to his exercise of protected activity and what solely related means is a two-prong test that it is retaliatory and the claims are meritless you can read all of the opinions judge goldberg wrote in this case and you can even read the arguments made on the slab council doesn't isn't that the problem that that there is no the amount of time or as it says in high proximity in time between the protected activity and the filing of the complaint isn't that an issue here it seems to me that that six years between you know what he's claiming and and his ultimate filing of the complaint uh would call into question whether or not the actual issue was uh was retaliatory your honor i may point out that the the protected activity was in two june of 2005 and the lawsuit was filed less than one year later after the assertion of the protected activity the breach of contract of the state wage claims have nothing to do with protected activity they don't would not in and of themselves give rise to a motion to dismiss under the slap act so what happened in this case is you've got claims which he's saying that his primary concern one of his primary concerns was the breach and and in addition to that the defamation yes there were there was no question that this lawsuit was in fact filed uh subsequent to the uh protected the allegedly protected activity we're not disputing that it can't be disputed well what i'm saying though is that there's that's why there is a two-prong test to determine solely related under the supreme court decision as this court has noted in ryan and jersic in that case it is a two-prong test is retaliatory as well as meritless for some reason other than the citizen participation act and so even if we assume that the conduct that the filing of this suit was retaliatory it doesn't mean or lead to a dismissal under the standard established in sandholm unless the defendant or the movement in this case establishes that the claims were meritless counsel can we separate the claims yes your honor you can separate the claims you can certainly separate the claims you can look at and you should because what i think sandholm says is you've got to analyze each set of claims to determine whether they're retaliatory and whether in fact they are meritless so you can take the defamation claims and look at those on that that dual test and then look at the breach of contracts and state law claims on on that basis and i think all i have to say is the state law claims on for for the wage act as well as breach of contract is you can search the record and you will find nowhere even an argument presented by the defendant that the breach of contract and state wage act claims are meritless the only argument against in the lower court was they were part of this retaliation against me for uh filing sending this letter to the judge which is protected activity and therefore they must be dismissed under the sandholm this under under the citizen participation act and sandholm says clearly that is not the standard that has to be applied they have not established and there's nothing in the record to establish and they don't even argue in this court that those claims for wage those wage claims were in any way meritless now the ryan case specifically said that even the court they were following certainly weren't of much concern to him since he took him so long to file then i mean if i was concerned about you receiving my wages and my vacation time and i mean counsel that's a very extensive amount of time your honor as your honor knows whether or not when it's filed as long as it beats the statute of limitations the fact that it took a while to file doesn't render that claim meritless you can file on the day before the 10-year statute of limitations on a breach of contract and still have an enforceable and valid claim certainly not one that can be thrown out as meritless under the citizen participation uh there is no evidence at all in fact in the ryan case there the court found that the claims were clearly in its mind retaliatory but that in the motion any motion to dismiss would not be appropriate because there was no evidence whatsoever of a lack of merit now as to the defamation claim the claim of lack of merit here was rejected in the lower court at least twice they claim that there's an absolute privilege for an attorney to send ex parte defamatory letters to a federal sorry counsel i'm just going to give you a couple of minutes oh i know we started a minute too late under your honor under the circumstances it is our view that those privileges don't exist the litigation privilege doesn't apply because it is limited to attorneys participating in the case that's what the restatement says and the restatement was adopted by this court in the affrontee versus actinson case and secondly about a duty to uh a duty to report the duty to report theory under the q2 case that's been ended by the supreme court in spelman and says that the only place that you have a duty to report is to the judge in pennsylvania where you don't even practice so under those circumstances the claim for meritlessness uh under the defamation claims should fall because all of those claims fall and because the standard for attorneys fees set forth in sandholm is a narrow matter we believe that the all right counsel we were a little liberal on the time with the appellant so we'll certainly do the same for you thank you and i'm sorry can you say your name again sure yeah you said it kind of quietly and i didn't get it no problem rich tillman t-i-l-g-h-m-a-n may have placed the court i a fundamental question whether a citizen has a right to communicate relevant information to a court without fear of civil liability as this court is well aware the court can affirm the trial court's dismissal of the third amendment complaint on any basis present in the record as to the dismissal of the defamation claims the court should affirm because mr krisloff's letter to the federal district court judge in pennsylvania was absolutely privileged what about counsel's argument that if there was a duty there was an obligation an officer of the court to report that to the ardc and not to the judge that was involved in the case the the basis for that argument is the skolnick decision the skolnick decision says that a report to an illinois court does not discharge your duty under rule 8.3 because under the rules of professional conduct you have to go to a tribunal that's authorized to act or investigate the here there was another tribunal that was authorized to investigate and act on misconduct and that's the eastern district of pennsylvania the reason that the eastern district pennsylvania had that authority is because the federal courts have an entirely different disciplinary regime that's in place the federal court certainly if it found that mr stein had made misrepresentations could have barred him from practicing in the eastern district pennsylvania disqualified him so while skolnick says that you can't report to illinois courts to to discharge your obligation it doesn't say that reports to courts that can discipline you are improper under rule 8.3 but was a report ever made to the ardc equivalent in pennsylvania as well there's nothing in the record about a report to the ardc in pennsylvania and as far as i know mr krislov was not admitted to the pennsylvania state bar and so that may affect whether or not he could report to the pennsylvania the pennsylvania version of the ardc but there's nothing in the record on that one so mr krislov's uh letter to the federal district court judge were absolutely privileged under two for two reasons first they were absolutely privileged as a report of relevant information to a judicial body and second they were absolutely privileged as we just addressed as a statement made under a duty imposed by law that duty being to report attorney misconduct additionally this the dismissal of of the both the defamation claims and the wage claims asserted in the third amended complaint can be affirmed under the citizen participation act because both of those claims were filed solely in response to a single communication to a single government recipient that being the district court judge uh diamond in addition this court can because plaintiff never challenged the dismissal of those claims in the trial court and therefore has waived appeal rights as to those claims a few factual points that may provide some further context to what really occurred here yes it is true that mr stein worked from for mr krislov at krislov and associates when he was a law clerk starting in 94 until 2001 at which point he was about this case in pennsylvania because he was not out searching to try and find a reason to say bad things about mr stein what happened was that mr krislov was in fact admitted to practice before the eastern eastern district of pennsylvania and had a case pending he was going on the electronic docket in the eastern district of pennsylvania searching for the case that he had pending and because he had multiple cases that would come up under his name he chose to search under the name of one of his employees who was also working on the case that's mr karnuth michael karnuth and what he discovered to his surprise was that mr karnuth came up not just as an attorney on the case that mr krislov was working on he came up as a plaintiff in a class action case unbeknownst to mr krislov so what mr krislov did started to look at that that that docket and found out that mr stein was representing mr karnuth in that case that's how he came upon the resume that overstated mr stein's qualifications which led to mr krislov's letter to the federal district court judge in pennsylvania now it's important to note that that letter was on krislov and associates letterhead it was it did have mr krislov's uh name in the signature block and so while plaintiff has stated that it was an unsigned letter it was clearly on mr krislov's letterhead signature board's name oh as one of as an attorney on the letterhead uh no it actually said clinton a krislov on the bottom it's just that there was no handwritten signature in addition to his typewritten name and that letter can be found at page 5 27 28 of the record if the court would like to confirm that um mr stein after receiving the letter from judge diamond then responded to mr krislov's letter mr krislov then was given an opportunity to reply with additional information the judge offered the defense counsel the opportunity to admit the letter into evidence he offered defense counsel the opportunity to investigate further mr krislov statements which they eventually declined ultimately this karnuth case was dismissed for reasons totally unrelated to mr krislov's letter it was dismissed on the merits um and shortly thereafter as we all know mr stein filed the instant case asserting both defamation claims and wage claims okay so with that factual background let's address the legal issues the first reason why this trial the trial court's dismissal should be affirmed because mr krislov's letter was absolutely privileged as a statement made to a judicial body the privilege for statements made to a judiciary like all absolute privileges is grounded in illinois public policy under public policy in illinois citizens must have the right to report relevant information to the judiciary we can see that in the edelman combs case cited in our brief in which the court applied an absolute privilege to an allegedly defamatory letter to a bankruptcy trustee finding that that bankruptcy trustee was an extension of the bankruptcy court and in and holding that that letter was privileged the court stated quote public policy requires that there be a free flow of honest information to a court or a disciplinary tribunal i have a factual question on those cases in those cases the um author was known as to who was making those communications here given the fact that the letter was unsigned uh how do we know that mr krislov is actually the author of the letter again because it's on mr krislov's letterhead uh there's been no dispute by mr krislov that he wrote the letter plaintiff has never raised that mr krislov didn't write the letter in fact it's uh that he was the author of the letter and um so the fact that his name's on it his letterhead is on it and plaintiff alleges it and we agree to it i think is certainly sufficient basis and the trial court never um came to the conclusion that it wasn't a letter from mr krislov then he sent a second letter back with the signature on it exactly yes um so another case that sets forth that important public policy of allowing citizens to report pertinent information to the court is the laikowski case there the court applied an absolute privilege to a statement made to the ardc finding the ardc was a quasi-judicial body uh the the court there held that the privilege afforded to statements to the to the judiciary quote assures that individuals are in no way discouraged from lodging complaints with the appropriate disciplinary authorities here mr krislov's letter to the federal court judge in pennsylvania falls squarely in line with those authorities if mr krislov's letter were not absolutely privileged it would overturn a long line of illinois precedent and and result in 180 degree shift of illinois public policy for example a citizen could be sued for citing for writing a letter to a judge in charge of criminal sentencing in a criminal case a citizen could be sued for telling a trial court judge that a part of the case had offered him a bribe to testify falsely at trial the fact is that our system of justice demands that we not discourage these types of relevant reports to the judiciary our system of justice is one that's open to the public in our system we must protect citizens from liability for communicating with a court the absolute privilege is what creates that protection and it should be applied here the second reason to affirm the trial court's uh dismissal of the defamation claims is the absolute privilege afforded to statements made under legal duty specifically attorney's duty to report misconduct as i said earlier the rule that was in place at the time of mr krislov's report provided that a report could be made to quote any tribunal or other authority in power to act or investigate or uh investigate or act on the violation so the question then becomes was the eastern district of pennsylvania so empowered and the answer based on the local rules in the eastern district of pennsylvania and the the disciplinary regime in federal court is yes they were okay that takes us to the third reason why the trial court's uh dismissal now of both the under the citizen participation act both of those claims were filed in response solely in response to a protected government petition again being mr krislov's letter to the judge while the sand home analysis cited by the plaintiff certainly affects uh the sand home case certainly affects the analysis of how we go about determining whether the case should be dismissed under the citizen participation act it does not change the result in this case the initial question under the sand home decision is whether the suit was both based solely on a protected petition and sand home held it that if there is a genuine damage claim from tortious conduct the suit is not based solely on a protected government petition here the evidence supported a finding that mr uh stein's lawsuit was in direct response to a single letter to a single government recipient and that mr mr stein was not genuinely damaged by that letter he testified at his deposition that that mr krislov's letter had no impact on the motion for class certification he testified that he suffered no lost wages from mr krislov's letter and there was evidence that mr stein's suit was filed in retaliation for mr krislov's letter he testified that he was angry when he received mr krislov's letter and that until he received that letter his attitude was that time heals all wounds as it as it goes to the wage claims in other words he wasn't going to even pursue those wage claims likely because they were meritless until he received the letter from mr krislov what about the fact that the letter was distributed by the judge in pennsylvania to everyone who was involved in the uh in the case that didn't that do harm to uh mr stein's reputation that's a very good question and i wanted to address that so thank you the the case that is relied on for the proposition that a republication can be a defamatory statement is involve the case in which neither the original statement was privileged and neither was the republished statement privileged here we have an originally absolutely privileged statement by mr krislov to the court and the court certainly had an absolute privilege to provide that information to opposing counsel in the case so the republication issue is a non-starter because you have both an originally privileged communication and a second privileged republication neither of which can form the basis for a valid defamation claim in addition there is nothing in in the third amended complaint that alleges that that republication was a defamatory act so there is nothing in the third amended complaint that alleges a claim for defamation specifically based on that republication um getting back to the the issue of retaliation um in addition there's the further evidence of retaliation here is the request for punitive damages uh the effort by mr stein during the course of discovery to seek highly personal confidential financial information for mr krislov including gross income for the last 10 years including 10 years worth of tax returns all of this suggests that this suit is in fact retaliatory and supports the trial court's dismissal of the third amendment complaint so even under the sandholm decision the trial court correctly dismissed the third amendment complaint under the citizen participation act now sandholm does address a concern about creating a new immunity for defamation however that concern is not in play here because mr krislov's letter as i discussed earlier was absolutely privileged on at least two grounds and in addition to the sandholm case there's another illinois supreme court decision that hasn't been addressed yet and cannot be ignored that's the right development case now the right development case held that a citizen's after a public meeting with an alderman's representative to a reporter were held to be absolute were held to be protected by the citizen participation act here the far more limited communication by mr krislov to a single government recipient a single judge was uh certainly should be protected if a statement to a reporter after a public meeting in the right case okay um in sum we would ask that the court firm the dismissal of the third amendment complaint and reaffirm that citizens in illinois may report relevant information to a court without being having fear of civil liability thank you a castle a couple of minutes all right i'll be quick your honors i only have three points to make first as your honors heard the defendants for interpretation of the sandholm case that interpretation would read meritless out of the equation solely related means retaliatory and meritless and that's the decisions of this court in the jersich and the ryan cases secondly the third amended complaint does in fact serve a probable republication and not a 2619 motion that have to be accepted it's true i'm referring to in the appendix 846 that's the appellant's appendix paragraph uh 83 and said it indicates that mr krislov intended that the letter would be republished by the judge to all counsel in the case so the republication was in fact part of the third amended complaint and alleged variant thirdly as to waiver waiver of course is as far as aware as a limitation on the parties not on the court under the circumstances of this case where the sandholm decision came down and changed the world after everything was done in the lower court this court is certainly capable of looking at the sandholm decision to make sure that the lower court applies the law which is so for example what if the sandholm decision came down between this oral argument and the court's ultimate determination this court would be bound to apply the sandholm case even though nobody argued the sandholm case decision in this opinion secondly on the motion for reconsideration which focused on the cpa we argued that the entire case should not be dismissed and that included the wage coins he said that the conduct was not and argued that it was not protected under the cpa and therefore the motion to reconsider should be denied that applied to the entirety of the case under those circumstances i don't believe that waiver is grounds in some what we have here is a situation where it is clear also council what about your opponent's argument that to prohibit council or anyone from bringing information to a court would have a chilling effect not only in this case but uh if it could have future ramifications of of keeping people from uh doing their duty as it were to inform the court of uh sure but mr krisloff an attorney knows number one an ex parte letter and communication with the court is an inappropriate communication you can't have as a lawyer an ex parte communication with the court and he knew that secondly if mr krisloff except he wasn't a party to the right he wasn't a party or a lawyer involved in the case and when you look at the federal rule which they cite in their brief governors you will note there is no obligation in that for anybody to report and the absolute privilege that applies the absolute privilege applies is only when there is an absolute duty and obligation imposed by what about his argument that there is also no prohibition against someone you know it's one thing you know to have an affirmative duty but where does it say anywhere in the law that an individual is prohibited from communicating with the courts well they aren't but you do so under the risk that if you produce false information to the court you are subject under the illinois constitution to the ramifications of giving false information to the court the absolute duty and obligation to report that information true or false to the court and the only absolute duty that exists for an illinois attorney here is under the illinois code of professional responsibility and the illinois code of professional responsibility has been held by the supreme court of illinois in skull neck to only obligate an illinois attorney to report misconduct by another illinois attorney to one place the supreme court through its agent the ardc and that's exactly why you're saying if an illinois attorney knew of wrongdoing anywhere else in the united states or in paris or england or anywhere else that because illinois law does require them to report then they have no responsibility to do so even as officers of the court no your honor i'm not saying that they may have some uh responsibility but they do so without the protection of an absolute privilege from their making false and defamatory statements there's nothing wrong if you have true information that an attorney for example has committed a crime to go to a judge or someone of appropriate authority and report that even without an absolute duty as long as that information is true in this case we allege that mr krisloff intentionally and knowingly made false statements in that letter to the judge and he's trying to protect his false statements by saying he had an absolute privilege because he had an absolute duty to report and that is not the case because there was no absolute duty to report him in illinois created issues if i got non-privileged information which led me to believe that an opposing counsel in a case that i had had done something inappropriate himil said i had to report it and maybe before skull neck there was some confusion about where i could report that but after spell no more confusion my absolute duty goes to the arbc and when i do that to the arbc i know that my statement is confidential it won't be republished because it is protected statutorily unless the arbc says there's some basis and they go forward with the case and in those circumstances mr stein if that had been done here mr stein would have had the protections of lawsuit instead he sends it out to a judge ex parte with no protections for mr stein that resulted in him having this announced to multiple attorneys in this large class action lawsuit having to file a thick response that's in the record as to what had to be done and as a result it created a whole new level of litigation as a result of this and then mr krisloff in the second letter comes back and still continues what we allege to be knowingly false representation representations to a federal judge and very interestingly without any fear of repercussion from their judge because he wasn't a party or litigant in their case if this court allows this kind of thing to happen you could open the floodgates so that every judge is you get every crazy in the world can write ex parte letters to the judge in cases alleging that a lawyer that they don't like has done something inappropriate in some other case someplace else and then you're going to have open the floodgates and i don't think that's in keeping with illinois public policy at all that's why these absolute one question with regards to the issue of meritless uh and it hasn't been addressed um there's an allegation that the libel comments right cause future uh damage with regards to a lack of participation in class action lawsuits or certification class action lawsuits you address that oh your honor the there is a defamation per se claiming and this is what we're dealing with we're dealing with a situation where a lawyer is is said that he acted uh unethically and and without in violation of his duty of candor to a court that goes directly to a lawyer's uh business and profession how are we to determine it how are we to determine it that would be for the trial judge to determine a trial before a jury in this case as to whether in fact the defamation took place this case got short-circuited because of the citizen participation act motion so there may be issues those issues of fact are enough would be normally enough to be in a 2619 motion i apologize for taking too a long time your honor i hope i've answered all your questions thank you thank you um we're going um thank you gentlemen and ladies um we're going to take the case under advisement